# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 4:00cr28-RH

CLARENCE LORENZO HARRISON,

    Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE
## SENTENCE UNDER AMENDMENT 706

Defendant Clarence Lorenzo Harrison has moved for a sentence reduction under Sentencing Guidelines Amendment 706. That amendment revised the crack-cocaine guidelines. But Mr. Harrison's guideline range was determined under the career-offender provisions, not based on the crack-cocaine guidelines. Mr. Harrison thus is not eligible for a reduction. This order denies relief.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug

offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2007) (hereafter cited as "*Guidelines Manual*"). For a defendant who is a "career offender," however, the base offense level is the greater of the drug offense level or a separate career offender offense level. *See Guidelines Manual* § 4B1.1(b).

On May 1, 2007, the United States Sentencing Commission adopted Amendment 706. The amendment reduces the crack cocaine base offense level. In most circumstances, the amount of the reduction is two levels. The amendment also provides a mechanism for calculating the base offense level in cases involving both crack and another drug. In most such cases, the result is again a two-level decrease. *The amendment does not, however, affect the separate career offender base offense level*.

Congress did not act to block the amendment. The amendment thus became effective on November 1, 2007. The amendment applies to sentences imposed on or after that date.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances

courts will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date. The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

By its plain terms, the statute allows a reduction only when a defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." For a defendant sentenced based on the career

offender guidelines—not based on the crack guidelines that were changed by Amendment 706—this means that no reduction is authorized.

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in *Guidelines Manual* § 1B1.10.  Acting under its § 994(u) authority, on December 11, 2007, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendment 706 in the list of retroactive amendments, effective as of March 3, 2008.  But § 1B1.10 confirms what the statute makes clear:  a court may reduce a defendant's sentence only if "the guideline range *applicable to that defendant* has subsequently been lowered" by a retroactive amendment.  *Guidelines Manual* § 1B1.10(a)(1) (emphasis added).

### III

Mr. Harrison was sentenced on September 28, 2000.  Under *Guidelines Manual* § 2D1.1 the base offense level for the type and quantity of drugs for which Mr. Harrison was responsible was 32.  Under Amendment 706, as further amended by Amendment 715, the base offense level for that type and quantity of drugs is 30.  But the base offense level provided for drug offenses made (and still makes) no difference, because Mr. Harrison was a career offender.  Under the career offender guideline—*Guidelines Manual* § 4B1.1(b)(A)—Mr. Harrison's base offense level was (and is) 37.  Thus Mr. Harrison's base offense level after adoption of Amendment 706, as before, is 37.  After adjustment for acceptance of

responsibility, Mr. Harrison's total offense level is 34, his criminal history category is VI, and his guideline range is 262 to 327 months.

I sentenced Mr. Harrison to 262 months, the low end of the range and a sentence below the otherwise applicable minimum mandatory, based on the government's substantial assistance motion.  *See* 18 U.S.C. § 3553(e); *Guidelines Manual* § 5K1.1.[1]  I later reduced the sentence to 168 months and subsequently to 132 months based on the government's post-sentencing substantial assistance motions.  *See* 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b).  Mr. Harrison is not eligible for a further reduction under Amendment 706.

For these reasons,

IT IS ORDERED:

1.  Clarence Lorenzo Harrison's motion to reduce his sentence under United States Sentencing Guidelines Amendment 706 (documents 59 and 60) is DENIED.

2.  The clerk must provide a copy of this order to Mr. Harrison himself by mail and to the attorneys of record and to the Federal Public Defender through the

---

[1] The government says that notwithstanding its substantial assistance motion, the guideline range was and is life, so that Amendment 706 would be inapplicable even if Mr. Harrison were not a career offender.  This is inconsistent with the position the government took at the time of the original sentencing; at that time, the government asserted the guideline range was 262 to 327 months and that the court had no discretion to impose a lower sentence.  None of this makes a difference now, however, because even without regard to the minimum mandatory, the guideline range would be determined based on the career-offender provisions, not those applicable to crack-cocaine offenses.

*Case No: 4:00cr28-RH*

electronic filing system.

3.  If the government asserts that the presentence report ought not be made available to the Federal Public Defender (for his consideration of whether to seek appointment or take further action) the government must file a notice so indicating by October 9, 2008.  If the government files no notice, then without further order the probation department may provide a copy of the presentence report to the Federal Public Defender, subject to the same restrictions on copying and disclosure as routinely attend the initial disclosure of a presentence report.

SO ORDERED on August 25, 2008.

s/Robert L. Hinkle  
Chief United States District Judge
